1

2

3

4

5

6                                            HONORABLE RONALD B. LEIGHTON

7

8                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
                                  AT TACOMA

9    CLARK ELMORE,

10                          Plaintiff,
                                                No.  08-cv-53 RBL
11            v.
                                                ORDER DENYING
12   STEPHEN SINCLAIR,                          RECONSIDERATION

13                          Defendant.          (Dkt. #84)

14

15          In 1996, Clark Elmore pled guilty and was sentenced to death for the rape and murder of

16   14-year old Kristy Ohnstad.  This Court denied his writ of habeas corpus on June 21, 2012.  (*See*

17   Order, Dkt. #80.)  Petitioner moves for reconsideration under Fed. R. Civ. P. 59(e), arguing that

18   the Court's decision contained "manifest errors of law [and] fact."  (Pet.'s Reply at 1, Dkt. #86.)

19          Rule 59(e) allows a court to amend its judgment: "A motion to alter or amend a judgment

20   must be filed no later than 28 days after the entry of the judgment."  The rule covers "a broad

21   range of motions, and the only real limitation on the type of the motion permitted is that it must

22   request a substantive alteration of the judgment, not merely the correction of a clerical error,or

23   relief of a type wholly collateral to the judgment."  Wright & Miller, *Federal Practice &*

24   *Procedure* § 2810.1 (2d ed. 2012).  The rule may encompass motions for reconsideration, which

25   are often functionally the same.  *See id.* § 2810.1 n.8 (discussing motions for reconsideration as

26   warranted under Fed. R. Civ. Pro. 59(e)).  The same motion may be treated as a motion for relief

27   under Rule 60(b), which allows a court to grant relief from judgment for "(1) mistake,

28   inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the

1   operation of the judgment." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353

2   (5th Cir. 1993).

3       The parties dispute whether the motion is properly considered under Rule 59(e) or under

4   60(b).  The Court is unconcerned.  Petitioner's motion merely reargues his previous points, now

5   adding that the Court must have ignored significant evidence to have reached such manifestly

6   incorrect conclusions.  It provides no basis to alter the judgment.

7       The motion is **DENIED**.

8

9       Dated this 3rd day of August 2012.

10

11      _____

12      Ronald B. Leighton
        United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28